STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

X *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC-08-1586

Indian Harbor Insurance Company
As Subrogee of Mile Square Lofts,
Curanderismo, Inc. as Trustee
Plaintiff

Assurance Company of America
Defendant

## *Summons*

*To the above-named Defendant:* Assurance Company of America c/o Joseph Torti Associate Director and Superintendent of Insurance 233 RIchmond St. Providence, RI, 02903

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon William O. Monahan Plaintiff's attorney, whose address is Monahan&Associates, P.C. 113 Union Wharf East, Boston, MA 02109 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: 4/2/08

(Seal of the Superior Court)

STATE OF RHODE ISLAND

PROVIDENCE, SC.

SUPERIOR COURT
CIVIL ACTION NO.:

INDIAN HARBOR INSURANCE COMPANY as Subrogee of MILE SQUARE LOFTS, CURANDERISMO, INC. AS TRUSTEE, )

v. )

ASSURANCE COMPANY OF AMERICA. )

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

**PARTIES**

1. The Plaintiff, Indian Harbor Insurance Company as Subrogee of Mile Square Lofts (hereinafter "Indian Harbor"), is a foreign corporation authorized to do business in the State of Rhode Island.

2. Mile Square Lofts, Curanderismo, Inc. as Trustee (hereinafter "Mile Square Lofts") is a real estate venture with a principal place of business at 404 Roosevelt Avenue, Central Falls, Rhode Island (hereinafter "Subject Property").

3. The Defendant, Assurance Company of America (hereinafter "Assurance Company") is a foreign corporation authorized to do business in the State of Rhode Island.

**JURISDICTION**

4. Jurisdiction over the Defendant is proper pursuant to R.I.G.L. § 9-5-33 as the Plaintiff's claims arise out of an insurance policy the Defendant issued to Mile Square Lofts for property located in Rhode Island.

5. Jurisdiction in the Superior Court is proper because the amount in controversy in this matter exceeds $10,0000.00.

## FACTS COMMON TO EACH COUNT

6. At all times relevant hereto, Mile Square Lofts owned a commercial building located at 9 Clay Street and 404 Roosevelt Avenue, Central Falls, Rhode Island (hereinafter "Subject Property").

7. At all times relevant hereto, there was in effect a Commercial Property Policy issued by Indian Harbor to Mile Square Lofts under Policy No. FCI 002 8194, in effect from July 29, 2005 to July 29, 2006 and insuring the Subject Property.

8. At all times relevant hereto, there was in effect a Builders Risk Policy issued by Assurance Company to Mile Square Lofts under Policy No. BR 62036217, in effect from July 28, 2005 to July 28, 2006, and insuring the Subject Property.

9. On or about March 16, 2006, the Subject Property was damaged when a contractor was digging a trench in preparation for the installation of a walking ramp that would make the building handicap accessible.

10. Thereafter, Mile Square Lofts submitted insurance claims to Indian Harbor and Assurance Company, under the respective policies of insurance, for the damage caused to the Subject Property.

11. Indian Harbor proceeded to investigate and adjust the claimed loss and paid Mile Square Lofts for the damage to its building pursuant to the terms and conditions of the Commercial Property Policy issued to Mile Square Lofts.

12. In response to Mile Square Lofts' claim, Assurance Company denied coverage for the claimed loss and refused to contribute insurance payments for the damage to the building pursuant to the Assurance Company Builders Risk Policy.

13. Indian Harbor, by virtue of the payments made to Mile Square Lofts, is subrogated to the extent of its payment to Mile Square Lofts.

## COUNT I - BREACH OF CONTRACT

14. The Plaintiff incorporates by reference Paragraphs 1 through 13 of the Complaint as if fully stated herein.

15. At all times relevant hereto, there was in effect a Builders Risk Policy issued by Assurance Company to Mile Square Lofts under Policy No. BR 62036217, in effect from July 28, 2005 to July 28, 2006, and insuring the Subject Property.

16. Assurance Company has breached its policy of insurance with Mile Square Lofts by failing to pay Miles Square Lofts for the damage caused to the Subject Property pursuant to the Builders Risk Policy for the March 16, 2006 loss.

17. As a result of Assurance Company's breach of the terms and conditions of its policy of insurance, Indian Harbor was caused to pay more than its share of the loss, and did so without any participation from Assurance Company.

WHEREFORE, Indian Harbor, as subrogee of Mile Square Lofts, seeks a reimbursement from Assurance Company for the amounts it paid to Mile Square Lofts as a result of the March 16, 2006 loss that were in excess of its proportionate share of its obligations to Mile Square Lofts, plus interest, costs and attorney's fees.

## COUNT II - EQUITABLE CONTRIBUTION

18. The Plaintiff incorporates by reference Paragraphs 1 through 17 of the Complaint as if fully stated herein.

19. Assurance Company is contractually obligated to pay its share of the loss to Mile Square Lofts pursuant to the Builders Risk Policy.

20. Assurance Company has breached its policy of insurance with Mile Square Lofts by failing to pay Miles Square Lofts for the damage caused to the Subject Property pursuant to the Builders Risk Policy.

21. As a result of Assurance Company's breach of the terms and conditions of its policy of insurance, Indian Harbor was caused to pay more than its share of the loss, and did so without any participation from Assurance Company.

22. Indian Harbor seeks equitable contribution from Assurance Company for the amounts it paid to Mile Square Lofts in excess of its proportionate share of its obligations as a result of the March 16, 2006 loss.

WHEREFORE, Indian Harbor, as subrogee of Mile Square Lofts, seeks a reimbursement from Assurance Company for the amounts it paid to Mile Square Lofts as a result of the March 6, 2006 loss that were in excess of its proportionate share of its obligations to Mile Square Lofts, plus interest, costs and attorney's fees.

**COUNT III - INDEMNIFICATION**

23. The Plaintiff incorporates by reference Paragraphs 1 through 22 of the Complaint as if fully stated herein.

24. Assurance Company is contractually obligated to pay its share of the loss to Mile Square Lofts pursuant to the Builders Risk Policy.

25. Assurance Company has breached its policy of insurance with Mile Square Lofts by failing to pay Miles Square Lofts for the damage caused to the Subject Property pursuant to the Builders Risk Policy.

26. As a result of Assurance Company's breach of the terms and conditions of its policy of insurance, Indian Harbor was caused to pay more than its share of the loss, and did so without any participation from Assurance Company.

27. Indian Harbor seeks indemnification from Assurance Company for the amounts it paid to Mile Square Lofts as a result of the March 16, 2006 loss.

WHEREFORE, Indian Harbor, as subrogee of Mile Square Lofts, seeks a reimbursement from Assurance Company for the amounts it paid to Mile Square Lofts, plus interest, costs and attorney's fees.

**COUNT IV - DECLARATION**

28. The Plaintiff incorporates by reference Paragraphs 1 through 27 of the Complaint as if fully stated herein.

29. By reason of the foregoing, an actual controversy exists between the parties as to whether coverage is afforded to

Mile Square Lofts under the Assurance Company Builders Risk Policy.

30. Indian Harbor seeks a declaration by the Honorable Court that the Assurance Company Builders Risk Policy affords coverage to Mile Square Lofts for the March 16, 2006 loss and that Assurance Company is liable for its share of the insurance payments pursuant to the terms and conditions of the Builders Risk Policy.

WHEREFORE, Indian Harbor requests that this Honorable Court enter as judgment in this action a binding declaration that Assurance Company is liable for its share of insurance payments to Mile Square Lofts under Policy No. BR 62036217, plus interest, costs and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL COUNTS SO TRIABLE.**

Plaintiff,
Indian Harbor Insurance Company as Subrogee of Mile Square Lofts,
Curanderismo, Inc. as Trustee,
By its attorneys,

William O. Monahan,
Bar # 3444
Lynn M. Squillace,
Bar # 7586
MONAHAN & ASSOCIATES, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500

Dated: March 11, 2008

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERKS OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Indian Harbor Ins. Co. as Subrogee of Mike Spaur, Lyle Curanderismo, Inc. as Trustee | Assurance Company of America |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FQ FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | (X) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 6A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (X) YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Lillian O. Monahan, # 3444
PRO SE/NAME: DATE: 3/11/08

(REV03-05)