UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY AS SUBROGEE OF MILE SQUARE LOFTS, CURANDERISMO, INC. AS TRUSTEE, Plaintiff, | : | |
| v. | : | Civil Action No. 1:08-CV-00146-T-LDA |
| ASSURANCE COMPANY OF AMERICA, Defendant. | : | |

**DEFENDANT'S ANSWER**

Defendant Assurance Company of America hereby answers the allegations in Plaintiff's Complaint as follows:

1. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. Admitted.

4. Denied in that Defendant did not issue an insurance policy to Mile Square Lofts for property located in Rhode Island.

5. Admitted insofar that the amount in controversy exceeds $10,000.00. In that the matter has been removed to federal court, jurisdiction in the Rhode Island Superior Court is a non-issue.

6. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. Denied in that Defendant did not issue a Builders Risk Policy to Mile Square Lofts under Policy No. BR 62036217, in effect from July 28, 2005 to July 28, 2006 and insuring the subject property.

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. Defendant admits that damage was sustained to the subject property. With respect to the remaining allegations contained in Paragraph 10, Defendant lacks sufficient knowledge to form a belief as to the truth of said allegations.

11. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. Defendant admits that it denied a claim made under Builders Risk Policy No. BR 62036217 by its named insured, Curanderismo, Inc. with respect to alleged damage to property located at 404 Roosevelt Avenue, Central Falls, Rhode Island.

13. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 13.

## COUNT I – BREACH OF CONTRACT

14. Defendant incorporates by reference its responses to Paragraphs 1-13 of the Complaint as if fully set forth herein.

15. Denied in that Defendant did not issue a Builders Risk Policy to Mile Square Lofts under Policy No. BR 62036217, in effect from July 28, 2005 to July 28, 2006, and insuring the subject property.

16. Denied.

17. Denied.

To the extent a response the "WHEREFORE" clause is required, the allegations stated in the WHEREFORE clause are denied.

**COUNT TWO – EQUITABLE CONTRIBUTION**

18. Defendant incorporates by reference its responses to Paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

To the extent a response the "WHEREFORE" clause is required, the allegations stated in the WHEREFORE clause are denied.

**COUNT III – INDEMNIFICATION**

23. Defendant incorporates by reference its responses to Paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

To the extent a response the "WHEREFORE" clause is required, the allegations stated in the WHEREFORE clause are denied.

## COUNT IV – DECLARATION

28. Defendant incorporates by reference its responses to Paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Denied.

30. Denied.

To the extent a response the "WHEREFORE" clause is required, the allegations stated in the WHEREFORE clause are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the relevant Policy. Specifically, the Policy Defendant issued to Curanderismo, Inc. contains the following language:

E. ADDITIONAL CONDITIONS

3. WHEN COVERAGE BEGINS AND ENDS

We will cover risk of loss from the time when you are legally responsible for the Covered Property on or after the effective date of this policy if all other conditions are met. Coverage will end at the earliest of the following:

* * *

f. When permanent property insurance applies . . . .

Builders Risk Coverage Form 40471, Rev. 11/02.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, to the extent the loss alleged in the Complaint is barred by the applicable terms, conditions, limitations and exclusions of the relevant Policy. Specifically, the Policy Defendant issued to Curanderismo, Inc. contains the following language:

LOSS CONDITIONS

E. OTHER INSURANCE

If you have other insurance covering the same "loss" as the insurance under this Coverage Part, we will pay only the excess over what you should have received from the other insurance. . . .

Commercial Inland Marine Conditions, CM 00 01 06 95, p. 1.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent the losses and/or damages alleged in the Complaint are otherwise barred by the terms, conditions, limitations and exclusions of the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the Policy does not provide coverage with respect to any deductible or uninsured waiting period.

## SIXTH AFFIRMATIVE DEFENSE

Any liability that the Defendant may have to the Plaintiff is subject to the Limits of Insurance set forth in the Policy.

## SEVENTH SPECIAL DEFENSE

The Defendant reserves the right to supplement and/or amend this Answer as additional information is acquired through the course of this litigation.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a jury trial on all claims so triable.

THE DEFENDANT,
ASSURANCE COMPANY OF
AMERICA
By Its Attorneys,

/s/ Dana M. Horton

Dana M. Horton, Esq.
RI Bar No. 6251
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06106
(860) 275-8200 (Telephone)
(860) 275-8299 (Facsimile)

Date: May 14, 2008

**CERTIFICATION**

I hereby certify that on May 14, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties noted below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing for viewing and/or downloading through the Court's CM/ECF System.

William O. Monahan, Esq.
RI Bar No. 3444
Lynn M. Squillace, Esq.
RI Bar No. 7586
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA 02109

/s/ Dana M. Horton
Dana M. Horton #6251